John Harris v. The State.

No. 6193.   Decided April 13, 1921.

**Vagrancy—Insufficiency of the Evidence—Rule Stated.**

The statute applies to those who habitually loaf, loiter, and idle, but not to one whose idleness is temporary and involuntary, and where the proof shows that the defendant for a period of about twenty days was without regular employment, but that during that time he had worked irregularly when employment could be found, had diligently sought a regular job, and that at the time of his arrest secured the promise of one which would be available in a few days, the conviction for vagrancy was not sustained. Following Ex Parte Strittmatter, 58 Texas Crim. Rep., 157.

Appeal from the Corporation Court of the City of Texarkana. Tried below before the Honorable E. Newt. Spivey.

Appeal from a conviction of vagrancy; penalty, a fine of $100.

The opinion states the case.

*G. C. Barkman,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Appellant was charged with vagrancy. In the complaint filed on the 22d day of January, 1921, there were made averments charging the appellant with acts constituting a violation of the various subdivisions of Article 634 of the statute, fixing the time of the offense from the 1st to the 22d day of said month.

Various policemen testified that the appellant was an able-bodied negro man, that he dressed well, possessed a twenty-dollar gold piece

used as a watch-charm; that he frequented negro barber-shops, cold drink stands and cabarets, and had been often seen in daytime and nighttime at such places and upon the streets.

Appellant testified that during the time mentioned, he worked but little, but had embraced the opportunities to work and had earned at odd jobs from two to five dollars per week. He named various persons to whom he had applied for work, including a Mr. Ward, who with others was in the butcher business. He said that he had a sufficient sum of money to pay for his wants, that he had been idle alone by reason of his inability to find employment, that he had been promised, by Mr. Ward, regular employment which he expected to begin within the succeeding few days.

Mr. Ward testified that appellant had worked for him on various occasions, was capable and willing and performed his services well; that he was unable to furnish him permanent employment during the time mentioned, but that he had been requested to do so by the appellant and had promised to do so when he established another place of business, which would be ready within the next few days.

There is no suggestion in the evidence that the appellant was guilty of vagrancy in any of the respects charged, unless it be under subdivision (d), which we quote:

"All able-bodied persons who habitually loaf, loiter and idle in any city, town or village, or railroad station, or any other public place in this State for the larger portions of their time, without any regular employment and without any visible means of support. *An offense under paragraph (d) of this article shall be made out whenever it is shown that any person has no visible means of support, and only occasionally has employment at odd jobs, being for the most of the time out of employment.*"

The evidence discloses without conflict that the appellant, for a period of about twenty days, was without regular employment but that during that time he had worked irregularly when employment could be found, and had diligently sought for a regular job, and that at the time of his arrest had secured the promise of one, which would be available in a few days.

The part of the paragraph of the quoted statute, which is in italics, taken literally, might include the appellant, but considered in connection with what precedes it in paragraph (d), we think it cannot be reasonably construed as applying to one who is shown to have been idle for the greater part of the twenty-one days, and during that time to have frequented various public places, when in connection therewith it is shown, without dispute, that he has manifested a willingness to work, a desire for employment, and embraced all opportunities to perform services, and when during the time he has been able, from money which is not shown to have been unlawfully acquired, to pay for his necessities.

The statute applies to those who habitually loaf, loiter, and idle, but not to one whose idleness is temporary and involuntary. Ex parte Strittmatter, 58 Texas Crim. Rep., 157.

It follows from what has been said that, in our opinion, the evidence does not support the conviction. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*