BLANCHE PAINTER V. THE STATE.

No. 6480.    Decided November 30, 1921.

**Vagrancy—Insufficiency of the Evidence.**

Where, upon trial of vagrancy under Sub-division C, Article 634, Vernon's C. C., the evidence was insufficient to support the conviction, the same was reversible error.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of vagrancy, under Article 634, Vernon's C. P.; penalty, a fine of $50.

The opinion states the case.

*W. C. Wofford,* for the appellant.—Cited: Bennett v. State, 205 S. W. Rep., 987.

*R. G. Storey,* Assistant Attorney General, and *Dan Moody,* County Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Williamson County of the offense of vagrancy, and her punishment fixed at a fine of $50.

The particular form of vagrancy charged against appellant was that defined in subdivision C of Article 634, Vernon's P. C., it being charged that she was a person able to work, having no property to support her, and who had no visible or known means of a fair, honest and reputable livelihood. But one question is presented on appeal, and that is the sufficiency of the testimony to support the judgment of guilt. An examination of the statement of facts discloses that appellant had lived at the same place in the town of Taylor, in Williamson County, for the past six years; that she owned her own home, same being a house of some four rooms. The State introduced five witnesses whose testimony was substantially the same. Said witnesses stated they had known appellant during the past several years, and that she seemed able to work. Each one of them also stated that they knew of no work that she did, and of no other property that she possessed, and of

no income that she derived from any investments, and that they had not seen her doing any work, and had not seen her going to or from any work. Each of these witnesses testified on cross-examination that they did not know whether appellant was rich or poor, or whether she owned property outside of the town of Taylor; that she did not visit them, nor had they ever visited her; that she might do work of which they knew not and that she might receive an income of which they knew nothing. It was also in evidence that she lived in what was called by the witnesses the restricted district, but no explanation appears in the record of what is meant by this. The tax assessor of Williamson County also testified that appellant rendered her home for taxes in 1920 and 1921 at a valuation of $250. One of the witnesses testified that appellant and some other girls boarded with her, taking two meals each day with her, and that appellant paid for her meals.

Subdivision C of Article 634, Vernon's P. C., defining vagrancy, is as follows:

"All persons able to work, have no property to support them, and who have no visible or known means of a fair, honest and reputable livlihood. The term 'visible or known means of a fair, honest and reputable livelihood,' as used in this article, shall be construed to mean reasonably continuous employment at some lawful occupation for reasonable compensation, or a fixed and regular income from property or other investments, which income is sufficient for the support and maintenance of such person."

In order to convict appellant for the offense thus defined, the State would have to prove beyond a reasonable doubt, first, that appellant was able to work; second, that she had no property to support her; third, that she had no reasonably continuous employment at some lawful occupation for reasonable compensation, *and* that she had no fixed and regular income from property or other investments sufficient for her support and maintenance. The State seems to have established proposition No. 1. Upon the second proposition, the proof shows that appellant owns a home and has a fixed habitation, and seems to have had for six years. Upon the latter part of the third proposition, the record appears to be absolutely silent. Did appellant own property outside of Taylor? The witnesses say they do not know. Had she a fixed income from investments? The witnesses say they do not know. Does she perform any legitimate work in her house from which she derives an income? The witnesses say they do not know. If the inference is to be drawn or sought, that appellant is engaged in such course of living as to make of her a person coming within any of the other definitions of a vagrant under the terms of Article 634, *supra*, it would seem that officers and other witnesses in the town of Taylor might be obtained to show such facts. There are no presumptions against one charged with crime. Until the contrary was made to appear, this appellant would be presumed to have an income from invest-

ments, or to have property somewhere to take care of her, or to receive money from some legitimate source. Regardless of what suspicions may be cast, in order to convict of crime in this State there must appear more in the record than the negative testimony of five witnesses, only one of whom is shown to even have a speaking acquaintance with appellant, and none of whom testify to having seen anything, or to know anything, or to having heard her say or indicate that her means of livelihood was nót legitimate. Certainly there are banks and a postoffice in Taylor through which money or income from outside sources would ordinarily come. There must be officers with ability to ferret out and detect if appellant be engaged in an occupation whose character would subject her to prosecution as a vagrant. We have carefully examined the testimony of each of the witnesses and are unable to bring ourselves to the belief that same fairly supports the inference of guilt necessary to support the verdict. So believing, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*