### George Ayres v. The State.

No. 7294.   Decided January 31, 1923.

Rehearing granted October 10, 1923.

**1.—Vagrancy—Recognizance—Practice on Appeal.**

Article 919 C. C. P., requires not only that the recognizance shall state that the accused was convicted of a misdemeanor but also that the punishment fixed be therein stated. However, a new recognizance having been filed the appeal is heard upon its merits.

**2.—Same—Charge of Court—Practice on Appeal.**

Where, upon trial of vagrancy, the court's charge was verbal and no exceptions being shown in the record, and the verdict being general, there was no error on that ground.

**3.—Same—Evidence—Other Offenses.**

Where, upon trial of vagrancy, testimony was admitted that prior to defendant's arrest defendant had been arrested and pleaded guilty to vagrancy, the same was reversible error.

**4.—Same—Evidence—Hearsay.**

Upon trial of vagrancy, the testimony of the sheriff that he went to the house where he arrested defendant because the neighbors complained to him of the character of the house was inadmissible.

**5.—Same—Evidence—General Reputation.**

The general reputation of the house as being a house of prostitution and its inmates common prostitutes was admissible. Following Taylor v. State, 250 S. W. Rep., 175.

**6.—Same—Testimony—Opinion of Witness.**

The opinion of a witness that if one had pleaded guilty to vagrancy, he would think her a prostitute, should not have been admitted.

Appeal from the County Court of Tom Green. Tried below before the Honorable J. T. Mathison.

Appeal from a conviction of vagrancy; penalty, a fine of $100.00. The opinion states the case.

*W. A. Anderson,* and *Upton & Upton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Tom Green County of vagrancy, and his punishment fixed at a fine of $100.

Our Assistant Attorney General moves to dismiss this appeal because of a defective recognizance. The motion must be granted. The form for recognizance on appeal to this court appears in Article 919 of our Code of Criminal Procedure and requires not only that it shall be stated that the accused was convicted of a misdemeanor but also that the punishment fixed be therein stated. An examination of the recognizance in this case shows it lacking in the elements mentioned. The motion of the State is granted, and the appeal dismissed.

*Dismissed.*

LATTIMORE, JUDGE.—This appeal was dismissed at the last term of this court because of defective recognizance. A new recognizance has been filed and the appeal will be reinstated and the case considered upon its merits.

Appellant was charged by information with vagrancy attributed in the pleading to three causes: first, that he was a male person who habitually associated with prostitutes; second, that he habitually loitered in and around a house of prostitution, and, third, that he was a person who was able to work, who had no property to support himself, who did not work, and who had no known and visible means of a fair, honest and reputable livlihood. The court's charge was verbal and no exceptions being shown in the record, is supposed to have been acceptable, and the verdict being general must be upheld if the evidence sufficiently supports any of the three grounds of vagrancy alleged, unless there be reversible error otherwise appearing.

Bills of exception Nos. 1, 6 and 10, evidence complaint of admission of proof that prior to his arrest in this case appellant had been arrested for, and pleaded guilty to, vagrancy. We know of no legal reason for the admission of such testimony. It tended only, to prove that the accused had theretofore committed and been convicted for another offense than the one on trial. Such proof in this

case falls within none of the rules allowing the introduction of testimony of other offenses. If provable at all such plea or conviction was of record and the record evidence should have been presented. Hardeman v. State, 94 Texas Crim. Rep., 642, 252 S. W. Rep. 503.

The testimony of the sheriff that he went to the house where he arrested appellant because the neighbors complaind to him of the character of the house, was also inadmissible for any purpose. The statements of the neighbors or the substance of same, could be but hearsay and there was no issue involved calling for its admission.

The general reputation of the house as being a house of prostitution and that of its inmates as being common prostitutes, was admissible under the character of charge laid against appellant. Taylor v. State, 94 Texas Crim. Rep. 329, 250 S. W. Rep. 175. See also authorities cited under Art. 500 Vernon's P. C.

The opinion of a witness that if one had pleaded guilty to vagrancy, he would think her a prostitute, should not have been admitted. Such opinion was competent evidence upon no issue involved and was admissible for no legal reason so far as we can see.

For the errors above mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*