FRED POWELL V. THE STATE.

No. 9423.   Delivered November 4, 1925.

Rehearing granted December 23, 1925.

Rehearing denied State February 3, 1926.

**1.—Vagrancy—Evidence—Held, Sufficient.**

Where, on a trial for vagrancy, evidence for the state established that appellant was an able-bodied person who habitually loafs, loiters and idles in a city, without any visible means of support, the conviction is warranted notwithstanding that appellant testified to facts showing that his condition was due to no fault of his own. The jury was not compelled to believe the testimony offered by appellant, even though same was uncontradicted. Following Costello v. State, 266 S. W. 158.

**2.—Same—Remarks of Court—Not Excepted to—No Error.**

Where, during the progress of the trial, appellant failed to reach the court house on time, and on his counsel advising the court of the fact, the court jokingly remarked that perhaps appellant had gotten a job and gone to work, no exception being taken to this jocular remark at the time, no error is presented.

**3.—Same—Charge of Court—No Error Presented.**

Where the court's main charge and a requested charge given, presents all of the law governing the defensive issues presented by appellant, there was no error in refusing an additional special charge covering the same issues, though couched in different language. Following Cox v. State, 205 S. W. 131; Levy v. State, 208 S. W. 667.

**3.—Same—Charge of Court—Held, Correct.**

While the evidence that appellant was living an immoral and profligate life was not of that conclusive character that it might have been, we believe that the issue was sufficiently supported to warrant the court in submitting same in his charge to the jury.

**4.—Same—Charge of Court—Elements of Offense—Correctly Presented.**

Where the court in charging on the different elements of the offense of vagrancy, as defined in the Statute, explains the meaning, in the language set out in the Statute, no error is shown.

**5.—Same—Bill of Exception—Insufficient—No Error Shown.**

Where a bill of exception complaining of the admission of testimony, does not set out sufficient facts and surroundings to enable us to say whether the admission of the testimony was error, we have no means of intelligently passing upon the matter sought to be presented, and such bills present no error.

**6.—Same—Charge of Court—Issue Not Raised—Reversible Error.**

On rehearing a more careful examination of the record impresses us that we were in error in our original opinion in holding that the issue of appellant being a person who was leading a profligate life, was sufficiently raised by the evidence to warrant the submission of this issue in the charge of the court. In the absence of testimony to this effect we believe it was probably harmful to him for the court to submit this issue to the jury, and for this error the cause must be reversed.

ON REHEARING, BY STATE.

On rehearing by the State, we cannot agree that the evidence supporting other phases of the offense of vagrancy submitted in the court's charge, that the element of an "immoral and profligate life", not raised by the evidence, but submitted in the charge, was harmless. The evidence of the state does not impress us on re-examination as being so cogent, as to render harmless the submission to the jury of a phase of the information unsupported by the evidence. See Strittmatter v. State, 58 Tex. Crim. Rep. 157.

Appeal from the County Court-at-Law of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction of vagrancy, penalty a fine of ten dollars.

The opinion states the case.

*Mathis & Caldwell,* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the County Court of Wichita County for the offense of vagrancy and his punishment assessed at a fine of ten dollars.

The complaint charged a violation of practically all provisions as set out under the vagrancy Statute, but only three counts were submitted to the jury. These were subdivisions C, D and M, under Art. 634, Branch's P. C.

Appellant complains in his first and second grounds in his motion for a new trial that the evidence is insufficient to support the conviction. These complaints in our opinion are without merit. The testimony from the standpoint of the State is entirely sufficient in our opinion to show that appellant was an able-bodied person who habitually loafs, loiters or idles in a city without any regular employment and without any visible means of support. It is true that if his testi-

mony had been credited by the jury they would have been justified in reaching the conclusion that his condition was due to no fault of his. But under the established rule of this State, the jury is not compelled to give credence to the testimony offered by an appellant in his own behalf, even though same be uncontradicted. Costello v. State, 266 S. W. 158.

By bill of exceptions No. 2 appellant complains because the court jokingly stated in the presence of the jury when the appellant's attorney advised him that the appellant had not reached the courthouse that perhaps appellant had gotten a job and gone to work. The bill of exceptions on its face shows that this was a jocular remark made by the court to the appellant's counsel and it also shows on its face that no exception was taken to the said remark at the time. The court qualifies the bill by stating that the remark was made in a spirit of fun to defendant's attorney and that no exception was taken to the remark and if it had been excepted to the court would gladly have given the proper instruction to the jury. Under these conditions we think the matter does not present reversible error. If appellant believed that the remarks of the court were improper it was his duty to except to them at the time they were made and give the court an opportunity to correct the mistake he had made by pertinently telling the jury to disregard them.

By bill of exceptions No. 3 appellant complains because the court refused his special charge No. 2. The substance of this charge was to tell the jury that even though they found and believed from the evidence that the defendant had been a vagrant as defined in the main charge herein, that they could not convict the defendant of vagrancy under the complaint in this case unless they found and believed from the evidence beyond a reasonable doubt that on or about the date alleged in the complaint, to-wit, on the 18th day of February, 1925, the defendant was at that time a vagrant, and unless they so found to acquit the defendant. The court in his main charge instructed the jury that if they found and believed from the evidence beyond a reasonable doubt that the defendant was at the time charged in the complaint a vagrant as defined herein, they might find him guilty and assess his punishment. In addition to this the court gave appellant's special charge which was to the following effect: "You are charged as a matter of law, that vagrancy is a present condition and status, and if you find and believe from the evidence, beyond a reasonable doubt, that the defendant on or about February 18th, 1925, had ceased

to be a vagrant, if you find that he was a vagrant theretofore, as vagrancy has been defined heretofore in the main charge, you will find the defendant not guilty." We think this charge together with the court's main charge amply protected appellant in the matter complained of. Cox v. State, 205 S. W. 131; Levy v. State, 208 S. W. 667.

By bill of exceptions No. 4, appellant complains at the court's main charge because it submitted to the jury the question of whether or not the defendant was living an immoral and profligate life. The objection being that there was no testimony to support an allegation that the defendant was immoral or profligate. It may be conceded that the testimony showing these traits of appellant's character is more or less unsatisfactory but we are not prepared to say that the evidence in support of them is not to be found in the record. The record further discloses that he was seen on the streets at night with great frequency idling and loafing around at night and that he was an able-bodied man. We think the record is not so utterly lacking in testimony showing that appellant was immoral and profligate as to make the mere submission of this question to the jury reversible error.

By bill of exceptions No. 5, appellant objects to the court's main charge because the court gave to the jury the meaning of the term visible and known means of a fair, honest and reputable livelihood. The definition given by the court was in the exact language of the Statute. Subdivision C, Art. 634, Branch's P. C.

By bill No. 6 appellant complains because the court instructed the jury what it would take to constitute a vagrant under the allegation that he loafs, loiters, etc. The definition given by the court in this instance is also in the exact language of the Statute.

By bill of exceptions No. 7, appellant complains because the court permitted the witness McDonald to testify to the following facts:

"I have seen the defendant talking to gamblers and bootleggers. I know that they were gamblers and bootleggers because they paid fines for it."

The only objection offered to said testimony at the time it was offered was that said testimony was improper and because said testimony was a conclusion of the witness. We think this testimony as shown by the bill was not a conclusion of the witness. The party states directly and positively that the defendant was seen talking to gamblers and

bootleggers and states positively that he knew that they were gamblers and bootleggers for the reason that they had paid fines for it. We hardly think this can be construed as a conclusion of the witness. In addition to what has been said, it is manifest from the bill itself that it is entirely insufficient to show any error. The bill merely states that upon the trial when the State was making out its case and while the State had the witness McDonald on the stand and after said witness had testified that he knew the defendant and after said witness had testified that he had seen the defendant at various places and various times in Wichita Falls, said witness was then permitted to testify over the objection of the defendant to the facts above set out. The above is a fair and complete statement of all the facts shown by the bill and a reading of the bill will readily disclose that the testimony objected to might under some conditions have been highly material testimony. If the defendant desired to have it excluded he should have let his bill show to this court sufficient facts to enable us to determine that error had been committed and failing to do this, we have no option but to say that the bill does not show error.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—In his motion for rehearing appellant again complains because the court submitted to the jury the question as to whether or not the appellant was leading an immoral and profligate life. It is appellant's very earnest contention that in view of the fact that there is no evidence showing that appellant was leading a profligate life, it was harmful to him to submit this issue to the jury as it probably suggested to them that the issue, in the judgment of the trial court, was raised by the evidence. We have again very carefully examined the testimony in the case and fail to find therein any suggestion that the appellant was leading an immoral and profligate life. The most that the testimony shows is that he was idle for a considerable period of time. Under these con-

ditions we are constrained to believe that we were in error in holding in our original opinion that "the record is not so utterly lacking in testimony showing that appellant was immoral and profligate as to make the mere submission of this question to the jury reversible error." As above stated, we have again carefully examined the testimony and find nothing therein showing that appellant possessed these traits of character. In the absence of testimony to this effect we think it was probably harmful to him for the court to submit this issue to the jury. The court's attention was directly called to it by a pertinent exception leveled at his charge submitting this question and we are constrained to hold that his refusal to so correct the charge as to eliminate this issue from it was reversible error.

In view of another trial, it is our opinion that the trial court should not permit the State witness to testify that he saw the appellant talking to persons whom he knew to be bootleggers and gamblers because they had paid fines for it. The bill of exception contained in this record is not as full as it should be but if the testimony should be properly objected to on another trial, we think it should be excluded. Ayres v. State, 254 S. W. 981; Young v. State, 116 S. W. 1158.

The criticism of the court's charge was cured by the special charges given.

Appellant's motion for rehearing is granted and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The exception to the charge goes to the paragraph in which the phase of the Statute containing the words "immoral and profligate life" was used. We think the objection to submitting that issue was quite specific. It is urged, however, that inasmuch as there is evidence in the case which support other phases of the vagrancy Statute, that the error in submitting that which was not supported by evidence is harmless. There was improperly admitted before the jury testimony of a witness to the effect that he had seen the appellant talking to persons whom the witness knew

to be bootleggers and gamblers because they had plead guilty. This character of opinion was held improper in Ayres v. State, 254 S. W. Rep. 981, and upon the precedents there cited, should not have been received. Being before the jury, however, it was possibly and probably appropriate on the issue of immoral or profligate life. Appellant had previously been convicted of vagrancy which, according to his testimony, had resulted in his dismissal from the employment that he had continuously been engaged in prior to that time. Since that time, according to his testimony, he had worked for persons whom he named and had diligently endeavored to find employment. This is not disputed, and the persons whom he claims to have worked for were not called on to contradict him.

The State's case consists of the fact that officers had seen the appellant at various times during the day and night in the colored portion of the town; that they had never seen him at work; that they knew of no property that he owned, and were aware of no visible means of support. It is not claimed that he had any means of support save his labor, and it is not to be said that one who is dependent upon his labor alone is to be condemned as a vagrant because he is involuntarily and temporarily idle. This matter is discussed in Harris v. State, 229 S. W. Rep. 875, and authorities there cited. In that case it is said:

"The Statute applies to those who habitually loaf, loiter, and idle, but not to one whose idleness is temporary and involuntary. Ex Parte Strittmatter, 58 Tex. Crim. Rep. 157, 124 S. W. 906, 21 Ann. Cas. 477."

The State's evidence does not impress us as being so cogent as to render harmless the receipt of improper evidence or the submission to the jury of a phase of the information unsupported by the evidence.

The State's motion for rehearing is overruled.

*Overruled.*