## GAY HASTON V. THE STATE.

No. 9779.  Delivered February 17, 1926.

**Vagrancy—Evidence—Held, Insufficient.**

. Where appellant is charged with vagrancy, under Art. 607 P. C., Subdivision 4, it was incumbent in the State to prove that appellant had no visible means of support, and having wholly failed to make this proof the judgment must be set aside. Following Painter v. State, 90 Tex. Crim. Rep. 349 and other cases cited.

Appeal from the County Court of Lamar County.  Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for vagrancy, penalty a fine of $100.00.

The opinion states the case.

*Sturgeon & Wiygul* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Lamar County for the offense of vagrancy, and his punishment assessed at a fine of $100.00.

This prosecution is based upon Art. 607 of the new P. C. (Arts. 634-5-6 of the old code), charging appellant with being an able-bodied person who habitually loafed, loitered, and idled about the town of Paris, Texas, the larger portion of his time, without any regular employment, and without any visible means of support. Subdivision 4 of said Art., supra, states:

"An offense under this subdivision shall be made out if it is shown that any person has no visible means of support, and only occasionally has employment at odd jobs, being for the most of the time out of employment."

It will be observed from the above portion of subdivision 4 that before the facts would authorize a conviction under this statute, that it would devolve upon the state to show that appellant "had no visible means of support." The appellant rested his case upon the testimony of the state, and the state relied upon the testimony of the sheriff, the deputy

sheriff, a constable, and a city policeman, all of whom testified to having seen the appellant during the time inquired about at different places on the street during different times of the day and night, and in domino halls and riding around in an automobile, and that none of them saw him doing any work except working in a restaurant in the afternoons on some occasions. There was no evidence introduced at all showing that appellant had no visible means of support, which as we understand, is one of the requirements of the statute, before the state would be entitled to a conviction in this case. We think the record as presented shows that the conviction is entirely unsupported by the testimony. Painter v. State, 90 Tex. Crim. Rep. 349; 235 S. W. 588. Bennett v. State, 84 Tex. Crim. Rep. 159; 205 S. W. 987; Harris v. State, 229 S. W. 875; Powell v. State, No. 9423, yet unreported.

The appellant in the instant case sought a postponement or continuance for the testimony of his physician to show that he was not able to work, and was not working upon the advice of said physician. The disposition we have made of this case makes it unnecessary to discuss the question of diligence used in the effort to secure such testimony.

On account of the evidence being insufficient to sustain the conviction, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.