## J. R. SANDS v. THE STATE.

No. 11906. Delivered March 13, 1929.

The opinion states the case.

*Davenport & Crain,* of Wichita Falls for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, vagrancy; penalty, a fine of $50.00.

The sufficiency of the evidence is vigorously questioned. The substance and effect of such of the State's testimony as bears legiti-

mately upon the real issue presented was that appellant loafed most of his time, generally around the Hearn Hotel in the town of Wichita Falls and had not been seen at work by the witnesses. It uncontradictedly was shown for the appellant that he owned during all the time covered by the testimony of the State's witnesses a twenty acre irrigated farm near the town of Wichita Falls worth from ten to twelve thousand dollars and against which there was $1,800.00; that he had mules, horses and hogs. He testified:

"Yes sir, I have chickens. I bought 100 white leghorn hens. I suppose I raised about 500 Rhode Island hens last year. * * * I cultivate the land myself with the help of a man I have hired. I am not able to do very much work myself. I had to quit mill work to get outside."

Dr. Beckman testified: "I have had occasion to make physical examination of him. He had an inflammation of his lungs—a tubercular lesion and left him in such condition that I advised him—at the time he was in a very delicate condition * * * and I advised him to get out of the Sash and Door Company work as there was so much dust in there and stay out of it. He is not now able to do regular manual labor even in the open. He would be able to oversee a truck farm and look after the management of it."

We have not quoted from certain inadmissible testimony of a prejudicial character and which tended to prove no legitimate issue.

Considering only the testimony which bore directly upon the issue made by the State's pleadings, we think the evidence is entirely insufficient to support the judgment of conviction. We find no contradiction of the proof as to the property owned by appellant. To sustain this conviction it was necessary for the State to prove that appellant was able to work and had no visible means of support. Upon the last issue in particular we think the evidence is insufficient. Painter v. State, 235 S. W. 588.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.