## ROBERT SENEGAL v. THE STATE.

No. 13510.   Delivered May 1, 1929.

The opinion states the case.

*W. R. Blain* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, vagrancy; penalty, a fine of $110.00.

Complaint was filed in corporation court charging in substance that appellant on. or about the 18th day of July, 1928, was a person leading an idle, immoral and profligate life who had no property to support him, and was able to work and who did not work. On conviction he appealed to the County Court, with the result aforesaid. Two police officers testified for the State against appellant. Each testified that during the thirty days preceding appellant's arrest, which was on the 17th day of July, 1928, they saw him almost daily loitering about the streets of the City of Beaumont and around domino and pool halls and that he had no property of any kind or income to support him and that he lived with a big yellow woman on Park Street. On cross-examination they testified that appellant stated at the time of his arrest that he was

working on the docks as a longshoreman. Appellant testified in his own behalf that he married the woman with whom he lived; that his marriage license was issued in Jefferson County, the place of the trial, and a marriage ceremony was performed by a minister of the gospel; that he had worked all the time he had lived in Beaumont and that for nine months preceding his arrest he had been a member of the Colored Longshoremen's Union No. 1, the headquarters of which were on Irving Street; that he worked whenever there was a vessel in port loaded by the members of this union and that he had in the last nine months helped load an average of at least two vessels per month; that it took four or five days to load each vessel; that he was arrested on the 17th day of July, 1928, and that he was at work at the time loading the vessel Otto Sevendorp. Daily time sheets were introduced showing that on July 16 and 17 he worked a total of sixteen hours loading this vessel.

It is correctly contended, we think that the evidence is insufficient. Appellant's testimony appears undisputed under circumstances that would make a refutation of same an easy matter for the State. If any testimony existed in rebuttal of same, it was easily available. If the appellant worked only when a ship was in port, he may have loafed almost daily, as testified to by the State's witnesses, but he was in our opinion under the evidence not a vagrant, as charged in the complaint.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.