## I. Q. McQueen v. The State.

No. 14653. Delivered December 23, 1931.

*S. L. Gill,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The conviction is for vagrancy; penalty assessed is a fine of $20.

It was averred that the appellant was "an idle person who was able to work and had no property to support him, and who lived without any means of support and made no exertion to obtain a livelihood by honest employment." This brings the prosecution under subdivision 3, article 607, P. C., 1925.

It was shown by the testimony of the sheriff that he had known the appellant for three or four years; that he appeared able-bodied; that the witness had not seen the appellant working for the past two or three months; that the appellant was observed on the streets every day and was never seen to be working. On cross-examination the witness said he had no knowledge as to whether the appellant was able to work or not; that the appellant appeared able-bodied; that he did not know whether the appellant had any property to support him; that he did not know of any work that the appellant had done for several months.

The testimony of the city marshal was in substance like that of the sheriff mentioned above. The same is true with reference to the testimony of the constable and the deputy constable.

A merchant testified that he had not seen the appellant working recently; that he had seen him around town; that he appeared able-bodied but whether or not that was a fact the witness did not know; neither did the witness know whether or not the appellant had an income.

The former wife of the appellant testified that during their married life of eighteen years he had had no serious illness; that at the time of their separation he had no income other than as a laborer. She could not say whether or not he had acquired any property since their separation. On cross-examination, she said that since their divorce the appellant had bought clothing and groceries for the children. She also said that he came to South Texas for his health some ten years previous to the trial.

A qualified practicing physician testified that for some three years he had been treating appellant, who was afflicted with rheumatism, resulting in heart trouble; that the paroxysms had been more frequent in the past six months; that he had very recently visited and treated the appellant; that at times the appellant was incapacitated by the disease from manual labor; that such condition was not continuous.

The insufficiency of the evidence to support the conviction is demonstrated by the announcements made in Painter v. State, 90 Texas Crim. Rep., 349, 235 S. W., 588; Sands v. State, 111 Texas Crim. Rep., 527, 15 S. W. (2d) 10; Haston v. State, 103 Texas Crim. Rep., 218, 280 S. W., 804; Senegal v. State, 112 Texas Crim. Rep., 408, 16 S. W. (2d) 1070; Powell v. State, 103 Texas Crim. Rep., 1    279 S. W., 445.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*