## ALFREDO JOHNSON V. THE STATE.

No. 23310. Delivered March 27, 1946.

G. W. Smith, of San Antonio, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of vagrancy in the Corporation Court of San Antonio, and he appealed to the County Court of Bexar County where, in a trial before the court, he was fined the sum of $200.00, and he now appeals to this court.

In the vagrancy statute, Art. 607, P. C., prior to 1943, there were fourteen subdivisions thereunder defining the offense of vagrancy. In the Acts of the 48th Legislature, Chapter 154, page 253, there was added seven additional methods in which a person could be denominated a vagrant.

In the preparation of this complaint, the pleader evidently operated under the law as found in the 1925 revision of our Penal Code and charged in the complaint that appellant violated all fourteen paragraphs or subdivisons of the 1925 Code denouncing vagrancy, all such charges being contained in but one count. He charged therein that appellant was : (1) a tramp; (2) that he was a profligate, leading an idle and immoral life, etc.; (3) that he had no lawful occupation, was able to work, had no property to support him and no visible means to support; (4) that he was a loafer and loitered and idled about at railroad stations, etc.; (5) that he was a person unlawfully trading and bartering stolen property; (6) that he was a common gambler, etc.; (7) that he was fortune-telling gypsy; (8) that he was an able person who went begging for a livelihood; (9) that he was a common prostitute; (10) that he was an able-bodied person who lived without employment and had no visible means of support; (11) that he was able to work and did not work, but hired out his minor children and lived upon their wages, etc.; (12) that he was a minor between the ages of over sixteen years and under twenty-one years, able to work and did not work and had no property, and whose parents were unable to support him, etc.; (13) that he was a clairvoyant and maintained himself as a foreteller of future events, etc.; (14) that he was a

male person who habitually associated with prostitutes and habitually loitered in and around houses of prostitution, and who, without having visible means of support, received financial aid and assistance from prostitutes.

It will be noted that the above charges contain each and every act denounced by Art. 607, P. C., 1925, fourteen in number.

Appellant requested the trial court to require the State's Attorney to elect upon which paragraph in the complaint he expected to rely therein for a conviction. This request was refused, and such is the basis of Bill of Exception No. 1.

In Bill of Exception No. 2 it is shown that evidently the appellant was possessed of the information that the State would rely for a conviction on the allegations contained in Subdivision 14 of the statute (Art. 607, P. C.) and being the last allegation contained in such complaint, it being in substance an allegation that appellant habitually associated with prostitutes, etc. At this time appellant moved to quash the complaint because the same failed to set forth therein the names of such alleged prostitutes. We do not think such to be a necessary allegation.

In Bill of Exception No. 3 it is complained that the witness Posten was allowed to testify "that at the time of the arrest of the defendant, that some soldier had been rolled in the neighborhood, and robbed of $85.00." We are unable to see any connection with this neighborhood robbery and appellant's association with prostitutes, and the same should not have been admitted; and the trial being before the court, presumptively the court did not consider the same.

Again, in Bill of Exception No. 4, it is shown that such witness Posten testified over objection that "he arrested three women and put them in for vags, and two of the girls *was* committed to the clinic, and also the defendant." This was error and should not have been admitted. If these three women were supposed to be prostitutes and appellant was habitually associating with them, such proof would doubtless have been admissible, but not their being committed to a clinic, nor appellant also being committed thereto.

The reputation of a house as being that of one of prostitution was admissible. See Ayres v. State, 254 S. W. 981, 95 Tex. Cr. R. 334. This disposes of Bill No. 5.

The fact that Officer Bartholomew had previously arrested appellant was not the proper way to attack his reputation, which was never put in issue. This is complained of in Bill No. 6.

In Bill of Exception No. 7 it is complained of that an officer was allowed to testify that three women with whom it was shown appellant was in company at the time of his arrest had been convicted as common prostitutes. The record of such conviction is the best evidence thereof and should have been produced.

Bill of Exception No. 8 relates to the reputation of the house wherein appellant and the three women were found when arrested. Under the circumstances of this case, we think the reputation of such house for being a house of prostitution is admissible. See Cross v. State, 85 Tex. Cr. R. 430, 213 S. W. 638; Forbes v. State, 35 Tex. Cr. R. 24; Ramey v. State, 39 Tex. Cr. R. 200; Golden v. State, 34 Tex. Cr. R. 143; O'Brien v. State, 55 Tex. Cr. R. 431; Branch's Ann. Tex. Cr. Law, sec. 281.

It will be noted herein that this trial was had upon a complaint alone, it being a matter originally filed and tried in the Corporation Court, and no information being necessary upon an appeal therefrom. We are of the opinion that the complaint is fatally defective in that the same bears therein repugnant allegations. It contains but one count, and that count alleges, among other things, in Paragraph 9, that appellant was a common prostitute, meaning a woman who offers herself indiscriminately for sexual intercourse for hire. See Webster's New International Dictionary, Second Edition. Again, in Paragraph 14, appellant is charged with being a male person who associates with prostitutes, etc. These allegations are repugnant. He must be either a male or a female; he cannot be both. Mr. Branch, in his Ann. Tex. Penal Code, p. 259, sec. 505, says:

"The doctrine of repugnancy, like the doctrine of duplicity, applies to the allegations in each count only, but it does not apply to the repugnancy which must of necessity exist in different counts of the indictment." (Citing cases).

"If any count in an indictment contains inconsistent allegations, both of which cannot be true, and there is no means of ascertaining from the face of the indictment which is meant, the indictment is bad for repugnancy." (Citing cases).

We express the opinion that the complaint is fatally defective on the ground of repugnancy and that the same should have been quashed.

The judgment is therefore reversed and the prosecution ordered dismissed.