guilty of the conduct attributed to him in said letter.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**JOHNSTON v. STATE.**

No. 16954.

Court of Criminal Appeals of Texas.

Nov. 7, 1934.

Jesse Owens, of Vernon, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of one year.

■ This case was before this court at a former day, and the judgment of the trial court was reformed and affirmed. The appellant, within the time prescribed by law, filed a motion for rehearing in which he directs our attention to a defect in the indictment. We have inspected the indictment and have reached the conclusion that the appellant's contention must be sustained, under the ruling of this court in the case of Bob Offield v. State, 75 S.W.(2d) 882, delivered October 31, 1934, and not yet reported [in State reports]. The indictment in this case, omitting the formal parts, charged that, "on or about the 2nd day of November, 1933, and anterior to the presentment of this indictment in the county and state aforesaid, Charlie Johnston did then and there unlawfully sell to Earl Surratt a quantity of liquor capable of producing intoxication," etc. In the case of Offield v. State, supra, this court, speaking through Judge Hawkins, said:

"Reading the constitutional amendment adopted in 1933 and the laws enacted thereunder, in connection with the former laws on the subject, it is plain that: (a) It is an offense to sell, etc., spirituous intoxicating liquor anywhere in Texas; (b) it is an offense to sell, etc., anywhere in Texas vinous or malt intoxicating liquor containing more than 3.2 per cent. of alcohol by weight; (c) it is an offense to sell, etc., vinous or malt intoxicating liquor containing not more than 3.2 per cent. of alcohol by weight in what for brevity may be designated as 'local option' or 'dry' counties or subdivisions; (d) it is not an offense to sell, etc., vinous or malt intoxicating liquor containing not more than 3.2 per cent. of alcohol by weight anywhere outside of 'local option' or 'dry' territory. 'An indictment is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense.' Article 395, C. C. P. 'The offense must be set forth in plain and intelligible words.' Article 396, subd. 7. An indictment must by direct and positive averments allege the constitutent elements of the offense sought to be charged. Stated otherwise, it must appear, from the face of the indictment that an offense has been committed."

■ The indictment in the present case charges only that Charlie Johnston in Hardeman county unlawfully sold liquor capable of

producing intoxication, which might be true, and yet appellant would not be guilty of an offense. If the liquor was vinous or malt, but contained not more than 3.2 per cent. of alcohol by weight, it would not be an offense.

Therefore, the appellant's motion for rehearing is granted, the original opinion delivered herein ·is withdrawn, this opinion is substituted for the same, and the judgment of the trial court is reversed, the prosecution is ordered dismissed, and the appellant discharged.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.