J. H. GRAHAM V. THE STATE.

No. 20684. Delivered April 17, 1940.

The opinion states the case.

*C. C. McDonald* and *Geo. W. Anderson,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is perjury. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first complaint is that the court erred in overruling his motion to quash the indictment, the validity of which is attacked upon various grounds set forth in the motion. The indictment, which is quite lengthy, sets out in hace verba an alleged voluntary confession purporting to have been made by appellant to the district attorney concerning theft of cattle, for which offense he was then under arrest. It is averred, in substance, in said indictment that the confession was *tendered* in evidence on the trial of appellant for the theft of such cattle. That on the trial of said case, appellant denied that the confession was voluntary; and affirmed that it was extorted

from him as a result of cruel and inhumane treatment by the officers, the nature of which need not be stated here. It is then averred that his testimony relative to his treatment by the officers was false. The alleged confession shows upon its face that it was not in due and legal form, because the proper warning was not given to him. See Art. 727 C. C. P., Adams v. State, 86 S. W., 334. It is obvious that if the alleged confession was merely *tendered* in evidence and not *introduced,* his testimony relative to the treatment he suffered at the hands of the officers was not a material inquiry and not pertinent to any issue in the case.

It is a well-recognized rule in this State that an indictment to be sufficient must by direct and positive averments charge every constituent element of the offense and leave nothing to inference or intendment. See Middleton v. State, 25 S. W. (2d), 614; Anderson v. State, 94 S. W. (2d), 749 Punchard v. State, 54 S. W. (2d), 110; Johnson v. State, 76 S. W. (2d) 1052. Many other cases might be cited to the same effect.

Testing the indictment by the rule stated, we think that it fails to meet these requirements; inasmuch as the purported confession shows upon its face that the proper statutory warning was not given, it could not properly over the objection of appellant, be introduced in evidence. This strengthens the conclusion to be drawn from the averments that it was *tendered* and not *introduced.* To tender evidence is not tantamount to its introduction. In case another indictment is sought, we also suggest that it might be profitable to carefully read the last paragraph of the opinion in the case of Scott v. State, 171 S. W., 243.

Another serious question as to the validity of the indictment is that the purported confession is set out in solido and claimed to be false, and in turn the greater part of it is charged to be true. It occurs to us that this constitutes, on its face, a contradiction and renders it repugnant. See Welch v. State, 227 S. W., 301; Morris v. State, 83 S. W., 1126.

Having reached the conclusion that the court erred in overruling appellant's motion to quash the indictment, the judgment is reversed and the prosecution is ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.