**AMERICAN PLANT FOOD CORPORA-
TION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48155, 48156.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Rehearing Denied May 15, 1974.

James & Terrell, Kerrville, Sewell, Junell & Riggs, Houston, for appellant.

Carol S. Vance, Dist. Atty. James Brough & Mike Parks, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are from convictions for the offense of water pollution; punishment was assessed at a one thousand dollar fine in each cause.

The first ground of error attacks the statute under which this conviction was obtained; contending it is void because Article 698c, Vernon's Ann.P.C., Section 21.553 of the Water Code, and Article 7621d–2, Sec. 3.05, Vernon's Ann.C.S., all define this same offense yet provide for different penalties, thereby rendering the statutes so indefinite as to be inoperative, citing Stevenson v. State, 145 Tex.Cr.R. 312, 167 S.W.2d 1027.

■ Initially we observe that Article 7621d–2, supra, establishes the Gulf Coast Waste Disposal Authority, and Section 3.05 thereof grants that authority the power to bring a civil suit for collection of civil penalties and injunctive relief. The creation of this civil remedy no more renders the criminal provisions indefinite than the creation of administrative sanctions for violations of the Texas Liquor Control Act renders criminal sanctions for such violations indefinite. See Articles 666–1 et seq. and 667–1 et seq., V.A.P.C.

■ Next, we must consider whether Article 698c, V.A.P.C., and Section 21.553 of the Water Code, V.T.C.A., are in such conflict as to be inoperative. We note that the Legislature in enacting the 1974 Penal Code expressly repealed Article 698c, V.A. P.C., effective January 1, 1974. Acts 1973, 63rd Leg., p. 993, ch. 399, sec. 3. But also, effective June 16, 1973, Article 698c, supra, was expressly repealed by Acts 1973, 63rd Leg., p. 1780, ch. 653, sec. 7. The story does not end here, however, because prior to either of these express repeals of Article 698c, supra, we find that article was repealed by necessary implication upon the enactment of Sections 21.551 through 21.564 of the Water Code, Acts 1971, 62nd Leg., pp. 216–219, ch. 58. Those sections of the Water Code follow very closely the language of Article 698c, V.A.P.C.; the criminal offense section (21.552), follows Article 698c, Secs. 2 and 3, verbatim; and the certified Session Laws cite the Penal Code Article as the source. The repeal of Article 698c, supra, by necessary implication was accomplished by enactment of

Section 21.564, Water Code, which provides:

"To the extent that any general or special law . . . makes an act or omission a criminal offense, and which act or omission also constitutes a criminal offense under this subchapter, the other general or special law is repealed, but only to that extent."

Thus we see that Article 698c, supra, was repealed upon the enactment of Section 21.553, supra, and consequently there could be no conflict between the two. Appellant's prosecution and conviction could only have been under Sections 21.552 and 21.553 of the Water Code.

■ Appellant also contends the statute is unconstitutionally vague on its face. Section 1.002, Water Code, provides:

"The Code Construction Act (Article 5429b–2, Vernon's Texas Civil Statutes) applies to the construction of each provision in this code, except as otherwise expressly provided by this code."

Article 5429b–2, Sec. 3.12, V.A.C.S., in relevant part, provides:

"If any provision of a statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute which can be given effect without the invalid provision or application and to this end the provisions of the statute are severable."

The record reflects that appellant was charged with a violation of Section 21.-552(a), Water Code, which provides:

"No person may discharge, or cause or permit the discharge of, any waste into or adjacent to any water in the state which causes or which will cause water pollution unless the water is discharged in compliance with a permit or other order issued by the Texas Water Quality Board, the Texas Water Development Board, or the Texas Railroad Commission."

Appellant contends the vagueness of the statute resides in its definition of water pollution, which is stated in Sec. 21.551(2), Water Code, as follows:

" 'Water pollution' means the alteration of the physical, chemical, or biological quality of, or the contamination of, any of the water in the state that renders the water harmful, detrimental, or injurious to humans, animal life, vegetation, or property, or to public health, safety, or welfare, or impairs the usefulness or public enjoyment of the water for any lawful or reasonable purpose."

Specifically, appellant asserts that the possibility of conviction for causing water pollution that only "impairs the usefulness or public enjoyment of the water" renders the statute void for vagueness, even though said condition is only disjunctively an element of the offense. Clearly this disjunctive element, even if too vague for enforcement as a definition of prohibited water pollution, would not render the entire statute void, but could be effectively severed from the definition in accordance with the legislative intent expressed in Article 5429b–2, Sec. 3.12, supra.

The challenged element being but disjunctive, to be entitled to reversal appellant must show that its case was tried and submitted upon this theory, since clearly if the prosecution were based upon any other definition of water pollution as disjunctively defined in Section 21.551(2), supra, appellant would be no more prejudiced by any vagueness in the challenged phrase than if it had been tried under Section 21.552(b), supra, which does not require any showing of water pollution whatsoever. No statement of facts is in the record, and we are unable to determine from the record upon what theory appellant was in fact tried and convicted. Absent a showing that appellant's convictions may in fact rest upon the challenged theory, at least in part, nothing is presented for review.

By the second ground of error, appellant complains of the allegations in the complaint and information. This ground is multifarious in that it raises at least three separate grounds, the first two claiming the allegations are general, vague and indefinite, and the third claiming the information does not allege a criminal offense. Chapter 21 of the Code of Criminal Procedure sets forth the requirements of indictments and informations as to form. Article 21.21 thereof enumerates the requisites of an information, and provides in part:

"7. That the offense be set forth in plain and intelligible words; . . ."

Article 21.23, V.A.C.C.P., provides:

"The rules with respect to allegations in an indictment and the certainty required apply also to an information."

Articles 27.08 and 27.09, V.A.C.C.P., enumerate the causes for an exception to the substance and the form, and accordingly distinguish substance from form. In part they provide:

Art. 27.08:

"There is no exception to the substance of an indictment or information except:

"1. That it does not appear therefrom that an offense against the law was committed by the defendant;

"2. That it appears from the face thereof that a prosecution for the offense is barred by lapse of time, or that the offense was committed after the finding of the indictment; . . ."

Art. 27.09:

"Exceptions to the form of an indictment or information may be taken for the following causes only:

"  *   *   *

"2. The want of any requisite prescribed by Articles 21.02 and 21.21 . . ."

We observe that, as stated in 30 Tex.Jur. 2d, Indictment and Information, Sec. 13:

"An indictment or information consists of four prominent parts: (1) the caption, (2) the commencement, (3) the charge, and (4) the conclusion. The first, second, and fourth of these constitute the formal parts of the pleading; the third, the charging part, is the vital portion."

We point out this distinction between the formal parts of the information and the charge in order to avoid from the outset any confusion of that distinction with the distinction between exceptions to the form of an information and exceptions to the substance thereof. For example, an exception to the substance of an information based upon Article 27.08(2), supra, would be based in part upon the formal part of the information in that the date of the "findings" of the information is contained in the formal part, not in the charge. Also, omission of the conclusion, though a formal part, is a fatal defect in substance, not a defect of form alone, and renders the indictment insufficient to support a conviction. Cox et al. v. State, 8 Tex.App. 254, at 305 et seq.

Likewise, an exception to the form of an information under Article 27.09(2), supra, will be to the charge if it be directed to a failure to comply with Article 21.-21(7), supra, requiring that the charge set forth the offense in plain and intelligible words. Unless the deficiency under Article 21.21(7), supra, be of such a degree as to utterly fail to charge that an offense against the law was committed by the defendant (cf. Art. 27.08(1), supra), then it is objectionable only as to form and not as to substance. This distinction between an objection to the charge based on substance and one based on form, subtle though it be, is well founded in reason, in justice, and in the logic of the Code of Criminal Procedure.

If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void.[1] A void conviction may be challenged at any time and thus an exception to the substance of the State's pleading, as set forth in Article 27.08, supra, may be raised for the first time on appeal. See, e. g. Pospishel v. State, 95 Tex.Cr.R. 625, 255 S.W. 738, wherein the rule was recognized over half a century ago:

> "In Osborne v. State, 93 Tex.Cr.R. 54, 245 S.W. 928, it was recognized that if the defect be one of substance advantage of it could be taken for the first time on appeal. We are not discussing or considering lack of form or duplicity. The distinction between those defects and one of substance is clearly drawn in Melley v. State, 93 Tex.Cr.R. 522, 248 S.W. 367.
>
> "Whether failure in an indictment to charge an offense is a defect of substance is not left to conjecture. Article 575, Code of Criminal Procedure, [now Art. 27.08, supra,] settles that question."

If the charge is sufficient in substance under Article 27.08(1), supra, it may still be subject to an exception under Article 27.09(2), supra, for some deficiency under Article 21.21(7), as that provision is further clarified by Articles 21.03, 21.04, 21.11 and 21.17, V.A.C.C.P. and prior decisions of this Court.

In Terry v. State, Tex.Cr.App., 471 S. W.2d 848, the defendant contended that the indictment was vague, general, and indefinite, and failed to allege the constituent elements of the offense sought to be charged. In that case the trial court had overruled the defendant's motion to quash, which this Court found to be reversible error, citing Articles 21.04 and 21.11, supra, and reciting the rule as follows:

> "The indictment must allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with." Terry v. State, supra, at 852.

The issue there having been raised in the trial court, all issues raised under both Articles 27.08 and 27.09, supra, were before this Court for consideration.[2] Had the matter been raised for the first time on appeal, only such issues cognizable under Article 27.08, supra, (to-wit: that the indictment failed to allege the constituent elements of the offense sought to be challenged), would have been before the court. See Pospishel v. State, supra.

The last two requirements stated in *Terry*, supra, that the State's pleading must allege facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give the defendant notice of precisely what he is charged with, though relating to the substance of the charge in one sense, are, in contemplation of exceptions under Articles 27.08 and 27.09, supra, grounds for an exception to the form under Articles 27.09(2) and 21.21(7), and not for an exception to the substance under Article 27.08(1). Clearly any such defect would not render the information void or insufficient to support a conviction. Quoting with approval from early authorities,

---

1. It will also be observed that any defect in the matters set forth in the other provisions of Article 27.08 also go to the very sufficiency of the indictment or information to support the particular conviction based thereon. It is this quality of the sufficiency of the State's pleading as a matter of law to support the conviction that makes the deficiency one of substance.

2. Such was also the case in Moore v. State, Tex.Cr.App., 473 S.W.2d 523, the defendant therein having secured a ruling on his motion to quash, all objections to the State's pleading were properly preserved for consideration on appeal.

this Court in Melley v. State, 93 Tex.Cr.R. 522, 248 S.W. 367, stated:

"Duplicity in an indictment is the joinder of two or more distinct offenses in one count . .  . . 'In the matter of principle, it would seem to be a defect of such mere form as aught to be deemed cured by the verdict, because the objection is one which relates simply to the convenience of the defendant in making his defense, while by not taking the objection he seems to have suffered no inconvenience, and, therefore, to have waived it.' "

We think the observations made there with respect to an exception for duplicity apply with equal logic to an exception for failure to give notice of precisely what the defendant is charged with and failure to allege sufficient facts to bar a subsequent conviction. Prior to trial any such requirements are for the defendant's convenience and may be raised, but if he goes to trial without raising any such objection, he may not urge them for the first time thereafter, since it must be presumed he has found the charge sufficient to his own satisfaction. He may not wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal under Article 27.08(1), supra.

In each of the instant cases, appellant filed motions to quash. However, it does not appear from the records that said motions were ever brought to the attention of the trial court, or that a ruling was ever secured thereon. Consequently, only such defects as would render the indictments insufficient to support the convictions may be considered after judgment or by this Court. Two of the three grounds multifariously raised by appellant's second ground of error admittedly claim only that the allegations in the informations are general, vague, and indefinite. They may not be raised for the first time following judgment.[3] See Wilson v. State, Tex.Cr.App., 398 S.W.2d 291 (on motion for rehearing). The third contention asserts the information does not allege a criminal offense, and if valid would constitute fundamental error requiring consideration in the interests of justice even if not properly raised. Art. 40.09, Sec. 13, V.A.C.C.P.

Appellant contends the informations are defective for not negating the provisions of Section 21.555, Water Code, which provides:

"Any waste discharge otherwise punishable under this subchapter which is caused by an act of God, war, riot, or other catastrophe, is not a violation of this subchapter."

This exception is in a separate section from the provision which states the offense, and a prima facie case can be made

3. We do note that, even if properly preserved, appellant's contentions would be without merit. It asserts vagueness in failure to allege the substance that was causing the pollution, and in failure to allege the method by which the pollution reached the waters polluted. The informations charged appellant did "discharge and permit the discharge of industrial waste" into the alleged water and negatived the permit clause in the terms of Section 21.552(a), Water Code. "Discharge" is defined in the statutes and need not be further alleged in the indictment. Cf. Smith v. State, Tex.Cr.App., 502 S.W.2d 133. Further allegations as to how the substance was transported from its point of origin to the point at which it was discharged would be merely evidentiary. Cf. Cameron v. State, Tex.Cr.App., 401 S.W.2d 809. As to the substance, the information alleged industrial waste, which term is defined in the statutes and needed no further pleading. Indeed, unless a permit or other order be issued permitting the discharge of certain substances, a proper case could be made without expert testimony as to the precise chemical content of the waste. Appellant's contention that the chemical nature of the substance should be alleged is without merit. If such were required, might not each separate waste compound in the discharge constitute a separate offense? The allegation of "industrial waste" was sufficient.

without proof negating the exception. It is not an essential requirement that it be negated in an information. See Salazar v. State, Tex.Cr.App., 423 S.W.2d 297; McKnight v. State, 161 Tex.Cr.R. 472, 278 S.W.2d 150; Baker v. State, 132 Tex.Cr.R. 527, 106 S.W.2d 308.

■ In the third ground of error, appellant contends it received no notice of the trial date and was thereby denied due process of law, citing Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), and others. In *Boddie*, supra, the Court stated that an individual must be given an *opportunity* to be heard in order to satisfy the requirements of due process, but recognized that "the hearing required by due process is subject to waiver." In the instant cases appellant had actual notice of the criminal proceedings instituted against it and had filed motions therein. Appellant corporation cannot now complain that it had no notice, particularly after voluntarily absenting itself from attendance of settings of which it had notice and at which the trial setting was made. Section 21.561, Water Code. The record shows no denial of due process, but only a lack of diligence.

■ By the fourth ground of error, appellant asserts error occurred when no record of the trial was made by a court reporter. Appellant did not request that a court reporter takes notes of the trial proceedings, in accordance with Article 40.-09(4), V.A.C.C.P., nor does the record reflect that appellant sought to reconstruct a record of the trial proceedings in whole or in part by an agreed statement in accordance with Article 40.09(14), supra, nor does the record indicate any attempt to preserve any events occurring at the trial proceedings for review by formal bill of exception in accordance with Article 40.-09(6), supra. No error is shown.

■ The appellant in its fifth ground of error asserts reversal is required because the causes went to trial without the trial court having ruled on its motions to quash and application for deposition. The record does not reflect that said motions were ever brought to the attention of the court, and appellant admits it voluntarily absented itself from settings for hearings, of which it had knowledge and at which it could have urged said motions. No error is shown.

■ Finally, appellant asserts the summons should have been quashed as defective. The summons is not in the record. Nothing is presented for review.

Finding no reversible error, the judgments are affirmed.