Robert Wayne GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 57202.

Court of Criminal Appeals of Texas, Panel No. 3.

March 21, 1979.

John A. Brady, Fort Worth, on appeal only, for appellant.

Robert J. Glasgow, Dist. Atty., Stephenville, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction of criminal mischief resulting in a loss greater than $20 but less than $200. V.T.C.A.Penal Code, Sec. 28.03. Punishment was assessed at 90 days and a $1,000 fine.

Appellant was indicted for criminal mischief resulting in a loss greater than $200 but less than $10,000, a third degree felony. After trial in district court he was found guilty of the lesser included Class A misdemeanor.

Appellant argues that the indictment was fundamentally defective. No motion to quash the indictment was made in the trial court.

The indictment in pertinent part reads as follows:

"The Grand Jurors for the County of Palo Pinto, State of Texas, duly selected impaneled, sworn, charged and organized as such at the October Term, A.D.1976, of the 29th Judicial District Court of said County, upon their oaths present in and to said Court, *that Robert Wayne Green,* on or about the 21st day of August, A.D. 1976, and before the presentment of this indictment, *in said County and State, did then and there* intentionally damage and destroy tangible property of Christine Rogers, the owner, to wit: one (1) native rock fence located at the residence of Christine Rogers, *said residence being seven (7) miles North of Palo Pinto County, Texas, at a place commonly known as Dark Valley Camp,* and did thereby cause pecuniary loss in the amount of more than $200.00 but less than $10,000.00 to the said Christine Rogers, without the effective consent of the owner, Christine Rogers, . . . ." [Emphasis added.]

Appellant points out that the latter portion of the indictment emphasized above puts the place of the offense outside of Palo Pinto County. The State responds that the language " . . . in said County and State, did then and there . . . " is sufficient to allege that the offense occurred in Palo Pinto County. The evidence reflects that the residence was in fact located seven

miles north of the city of Palo Pinto in Palo Pinto County.

Recent decisions of this Court have changed the focus as to the requisites of an indictment in regard to fundamental error.[1] *American Plant Food Corp. v. State*, 508 S.W.2d 598; *Ex parte Cannon*, 546 S.W.2d 266; *Rhodes v. State*, 560 S.W.2d 665; *Seaton v. State*, 564 S.W.2d 721. It is in light of these cases that we must review the sufficiency of the indictment.

Article 21.09, V.A.C.C.P., sets out the requisite particularity with which a description of property must be pled in an indictment. Article 21.09, supra, provides:

"Description of Property

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be *real estate, its general locality in the county, and the name of the owner,* occupant or claimant thereof, shall be a sufficient description of the same." [Emphasis added.]

This Court discussed the application of Art. 21.09, supra, to a description of property other than real property in *Rhodes v. State*, 560 S.W.2d 665. This Court held that:

"Consequently, we hold that a defect in the description of property under Art. 21.09, supra, must be raised by a motion to quash, and may not be raised for the first time on appeal, unless the description is so deficient as to be no description at all and to constitute a jurisdictional defect, as was the case in *Willis*, supra [544 S.W.2d 150]."

In *Rhodes*, the indictment described the property as "wall paneling." The Court held that although "wall paneling" was not as detailed a description as required by Art. 21.09, supra, it was sufficient to allege that element of theft for the purposes of invoking the jurisdiction of the court.

In *American Plant Food*, supra, this Court very succinctly stated the focus or our inquiry into a charging instrument's sufficiency.[2] "If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon." [3] 508 S.W.2d at 603.

Thus, our inquiry in the present case is whether the indictment alleged that an offense was committed. If the indictment did allege an offense, any objection would be to form rather than substance, and therefore not a fundamental defect. *American Plant Food Corp. v. State*, 508 S.W.2d at 603–04.

■ The indictment in the present case described the property destroyed as:

1. Tangible property
2. owned by Christine Rogers
3. located at her residence
4. that residence being seven miles north of Palo Pinto County
5. at a place commonly known as Dark Valley Camp.

Regardless of whether this description was correct, it was a sufficient description of the property to allege that requisite element of the offense as required by Art. 21.09, supra. A variance between the allegations and proof does not render the indictment fatally defective, but instead would go to the sufficiency of the evidence

---

1. Prior decisions of the Court have held that inconsistent allegations in the same count of an indictment render that indictment defective. *Johnson v. State*, 149 Tex.Cr.R. 245, 193 S.W.2d 528; *Odle v. State*, 139 Tex.Cr.R. 288, 139 S.W.2d 595; *Graham v. State*, 139 Tex. Cr.R. 98, 139 S.W.2d 269. The cases were all decided prior to the cases cited above in the text. Insofar as they conflict with this decision, they are overruled.

2. The charging instrument in *American Plant Food* was an information and complaint. The law regarding the sufficiency of an information and complaint, and of an indictment, is the same insofar as our discussion here is concerned. Art. 21.23, V.A.C.C.P.

3. *American Plant Food* discussed other requisites of a charging instrument which we are not concerned with here. We do not intend our discussion to be construed as to in any way alter those requirements.

to prove the offense. *Seiffert v. State,* 501 S.W.2d 124.

Since the description of the property was sufficient to allege that element of the offense, any exception went to form rather than substance. As the Court held in *Rhodes,* such exception must be raised in a motion to quash.

■■■ The allegations contained in the indictment are also sufficient in regard to venue. The indictment first correctly alleges venue, and then alleges a location inconsistent to that venue. Thus, rather than failing to make a necessary allegation, the indictment contains conflicting allegations. Again, unless the indictment fails to allege a necessary averment, an objection goes to form rather than substance.

We hold that the indictment was not fundamentally defective.

■■ Appellant also challenges the sufficiency of the evidence to prove the allegation that the fence was seven miles north of Palo Pinto County. Appellant maintains that this was a fatal variance between the pleadings and proof. The State maintains that this allegation was surplusage, and as such the State had no burden to prove that allegation.

The State properly frames the issue presented. We must determine whether the allegation that the property was "seven miles north of Palo Pinto County" was surplusage.

The test to determine what is or is not surplusage, and subsequently what the State must prove to convict under a particular indictment, was set out in *Cohen v. State,* 479 S.W.2d 950. The Court observed that:

" 'When a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved and cannot be rejected as surplusage for they are thus made essential to identity.' Therefore, the allegation as to the place where the transportation occurred being necessary, the unnecessary particularity must be proved. *Hardy v.*

*State,* 162 Tex.Cr.R. 166, 283 S.W.2d 234 (1955); *Dugan v. State,* [159 Tex.Cr.R. 364,] 264 S.W.2d 120 (1954); *Franklin v. State,* 157 Tex.Cr.R. 177, 247 S.W.2d 562 (1952); *Royal v. State,* 155 Tex.Cr.R. 468, 236 S.W.2d 618 (1951); *Staley v. State,* 154 Tex.Cr.R. 546, 229 S.W.2d 170 (1950); *McElroy v. State,* 154 Tex.Cr.R. 20, 224 S.W.2d 715 (1949).

"Where the allegation is not a necessary part of the pleading, the particularity of description is surplusage and need not be proved. *Malazzo v. State,* 165 Tex.Cr.R. 441, 308 S.W.2d 29 (1957)."

479 S.W.2d at 951.

Most recently, in *Burrell v. State,* 526 S.W.2d 799, and *Davis v. State,* 532 S.W.2d 626, this Court discussed when an allegation is surplusage and can be disregarded. Although these cases involved the amendment of the indictment before trial, the issue is the same. Here, as in *Burrell* and *Davis,* we must determine whether a specific allegation is legally essential to the indictment, descriptive of what is legally essential, or instead, surplusage.

In *Burrell v. State,* supra, the Court extensively reviewed the existing authorities on surplusage and amendment of an indictment before trial. The Court concluded that, regardless of whether the allegation was legally essential to charge the offense, if the allegation was descriptive of an element legally essential to the offense, it is not surplusage. 526 S.W.2d at 803–04.

In *Davis v. State,* supra, the Court reviewed an indictment for aggravated robbery with pre-trial amendment made as follows:

". . . while in the course of committing theft of one automobile, ~~Four Hundred Fifty Dollars ($450.00) current money of the United States of America~~, hereinafter called 'the Property' from William T. Miller with intent to obtain and maintain control of the property, and by using and exhibiting a deadly weapon, namely a knife knowingly and intentionally threaten and place William T. Miller in fear of imminent bodily injury and death."

The Court held proof that either the car or the money had been taken would be sufficient to support a conviction. The Court concluded that the deletion as set out above was proper as it did not amend the substance of the indictment.

More important to our discussion here, however, is the Court's observations in regard to prior decisions. The Court distinguished *Davis* from previous cases in that "the offense charged in the instant case was not changed nor was the burden of proof decreased by deletion." 532 S.W.2d at 630.

In the present case, disregarding the allegation that the residence "was seven miles north of Palo Pinto County" does not change the State's burden of proof or the nature of the offense charged. The State was still required to prove what was legally essential to the indictment under Art. 21.09, supra.

Article 21.09, supra, requires that the State prove the owner and the general locality in the county. The State had alleged that the property was a native stone fence, that the owner was Christine Rogers, and that its general locality was Dark Valley Camp. These allegations were descriptive of what is legally essential to the indictment. The allegations that the property was located at the owner's residence and the location of that residence were not descriptive of what was legally essential under Art. 21.09, supra.

We hold that the allegation was surplusage, and could be disregarded. We find the evidence sufficient to support the conviction.

The judgment is affirmed.