Sammy ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 67297.

Court of Criminal Appeals of Texas,
Panel No. 2.

May 13, 1981.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Gilbert P. Howard, and R. R. Smith, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and TOM G. DAVIS and CLINTON, JJ.

---

## OPINION

TOM G. DAVIS, Judge.

Appeal is from an order revoking probation. On December 7, 1978, following his plea of not guilty, a jury found appellant guilty of delivery of heroin. Punishment was assessed at 10 years, probated.

On May 28, 1980 the State filed a motion to revoke probation alleging that appellant had violated conditions of his probation by failing to report to the probation officer as directed and by failing to pay a probation fee as required by the probation order. Following appellant's plea of true, the court revoked his probation on July 10, 1980.

Appellant's sole contention on appeal is that the indictment in the primary offense is fundamentally defective. Omitting formal parts, the indictment alleges that on or about June 14, 1978 appellant "did unlawfully, knowingly and intentionally deliver a controlled substance, namely: HEROIN, to C. B. ROBERTS." Appellant maintains that this charging instrument is fundamentally defective because "it contains mutually exclusive allegations that offend the doctrine of repugnancy." No motion to quash the indictment was filed in the trial court.

Appellant notes that, pursuant to statutory definition, delivery can be established by proof of any of three separate activities: (1) the actual transfer of a controlled substance; (2) the constructive transfer of a controlled substance; or (3) an offer to sell a controlled substance. Art. 4476-15, Sec. 1.02(8), V.A.C.S. Since delivery can be accomplished in three separate ways, appellant contends the instant indictment contains repugnant allegations and is thus fatally defective. Appellant relies upon prior decisions of the Court holding that inconsistent allegations within the same count of an indictment render that indictment defective. See, e. g., *Johnson v. State*, 149 Tex. Cr.R. 245, 193 S.W.2d 528; *Odle v. State*, 139 Tex.Cr.R. 288, 139 S.W.2d 595; *Graham v. State*, 139 Tex.Cr.R. 98, 139 S.W.2d 269. These cases have been overruled insofar as they may have supported appellant's contention. See *Green v. State*, 578 S.W.2d 411 n. 1.

 The focus of our review of a charging instrument's sufficiency has been stated as follows: "If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon." *American Plant Food Corp. v. State*, 508 S.W.2d 598, *appeal dism'd w. o. j.*, 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795; see *Green v. State*, supra. The instant indictment charges appellant with an offense proscribed by law and is not fundamentally defective. See *American Plant Food Corp. v. State*, supra, at 602. Absent timely and sufficient motion to quash, nothing is presented for review. See *Id.* at 604.

We find no abuse of discretion by the trial court in revoking appellant's probation.

The judgment is affirmed.