**JEAN PIERRE, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62839.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 14, 1982.

---

John B. Holmes, Jr., Dist. Atty., Michael Olsen and Spencer Gardner, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of committing a misdemeanor deceptive business practice. The court found appellant, a business corporation engaged in the wholesale and retail baking trade, guilty and assessed a $500 fine.

Appellant in three grounds of error contends that: the trial court erred in denying the appellant's motion to quash the information because it failed to give sufficient notice of precisely what appellant was charged, because it failed to provide appellant with enough information to prepare a defense, and because it failed to enable appellant to plead former jeopardy in a subsequent prosecution; the trial court erred in denying the appellant's motion to suppress evidence obtained by an illegal search and seizure; and the evidence is insufficient to prove beyond a reasonable doubt that the appellant intentionally and knowingly sold adulterated bakery products and bakery products containing adulterated flour.

Appellant asserts that the language in the information by which he was charged was so vague, uncertain, and speculative that no accused could be expected to prepare a defense to it. The information reads as follows:

"Comes now the undersigned Assistant District Attorney of Harris County, Texas, in behalf of the State of Texas, and presents in and to the County Criminal Court at Law No. 4 of Harris County, Texas, that in Harris County, Texas, JEAN PIERRE, INC. hereafter styled the Defendant, heretofore on or about NOVEMBER 14, 1978, did then and there unlawfully commit a deceptive business

Jack B. Zimmermann, Houston, for appellant.

practice, in that the Defendant, while engaged in the business of selling food, namely bakery products, and in the course of said business, did intentionally and knowingly sell bakery products containing flour which was adulterated in that said flour was held under conditions which were filthy, unsanitary, noxious, putrid and unhealthy, and where said flour may have been contaminated and may have been rendered injurious to health.

"It is further presented that in Harris County, Texas, JEANE PIERRE, INC., hereafter styled the Defendant, heretofore on or about NOVEMBER 14, 1978, did then and there unlawfully commit a deceptive business practice, in that the Defendant, while engaged in the business of selling food, namely, bakery products, and in the course of said business, did intentionally and knowingly sell bakery products which were adulterated in that said products were prepared under conditions which were filthy, unsanitary, noxious, putrid and unhealthy, and where said products may have become contaminated and may have been rendered injurious to health."

Appellant complains specifically of (1) the use of the phrase "may have occurred"; (2) the definition of "adulterated"; and (3) the definition of the word "sell."

■ The offense for which appellant was convicted is proscribed by V.T.C.A. Penal Code, Section 32.42, and the Food, Drug, and Cosmetic Act, Article 4476–5, V.A.C.S. Article 4476–5, Section 3, states:

"The following acts and the causing thereof, within the State of Texas, are hereby declared unlawful and prohibited: (a) The manufacture, sale or delivery, holding or offering for sale of any food, drug or cosmetic that is adulterated or misbranded; (b) the adulteration or misbranding of any food, drug, device, or cosmetic; . . ."

Section 10(a)(4) of the Act, supra, deems a food to be adulterated:

"If it has been produced, prepared, packed or held under unsanitary condi-

tions, whereby it may have been rendered injurious to health; . . ."

Appellant's objection to the use of the phrase "may have become contaminated and may have been rendered injurious to health" in the information is without merit. The information does not charge the appellant with acts which "may have occurred" as appellant contends. The prohibited act is the subjection of the food to unsanitary conditions, not the actual contamination of the food. The language "may have become contaminated" describes the possible result of the criminal act and not the act itself. This wording of the information sufficiently informs an accused of the exact charges against him and enables him to prepare a defense.

■ Appellant contends that the information used definitions of "adulterated" and "sell" different from those set out in Penal Code Sections 32.42(a)(1) and (9) and that such use of definitions of words different from those definitions set out in the Penal Code fails to notify him of the charges against him because the charges are under a theory not authorized by law. We must disagree.

"Adulteration" under Penal Code, Section 32.42(b)(4), V.A.T.C., is defined in Subsection (a)(1) as "varying from the *standard* of composition or quality *prescribed by law* or set by established commercial use." That the information was so written to include the standards set forth in the Texas Food, Drug and Cosmetic Act, supra, in Sections 10(a)(3) and (a)(4) renders the allegation more specific, not less. Appellant's objection to the definition of "sell" in the information is also without merit. The information charged appellant did "sell bakery products which were adulterated." "Sell" is defined in both the Penal Code, supra and the Texas Food, Drug and Cosmetic Act, supra, and need not be further alleged in the information. Further allegations as to the manner in which appellant did "sell" the adulterated product are merely evidentiary, and do not pose a conflict in statutory definitions. See *American Plant Food v. State*, 508 S.W.2d 598, 604 (Tex.Cr.App. 1974). This ground of error is overruled.

■ The appellant, Jean Pierre, Inc., is a wholesale and retail bakery. On November 14, 1978, Charles Palmer, an inspector for the Texas Department of Health, went to the premises of the company for the purpose of making a routine sanitation inspection. On arrival, Palmer was directed to the back room of the bakery where Francois Goodhuys, the proprietor of the bakery, was working. Palmer, who had made four previous inspections of the bakery and who was acquainted with Goodhuys, stated he was there to do an FDA inspection, to which Goodhuys replied, "Fine." Palmer did not ask permission or present any authority to inspect. Their conversation was at all times friendly and businesslike. Goodhuys did not object to the entry into the bakery or the subsequent gathering of samples and taking of photographs. In fact, he accompanied Mr. Palmer "on and off" during the inspection, which lasted approximately four hours, and the two talked over some of the alleged violations at that time. There is nothing in the record to suggest any coercion.

Prior to trial, appellant filed a Motion to Suppress, contending that the warrantless search violated appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Article I, Section 9 of the Texas Constitution. However, the record amply indicates that Mr. Goodhuys gave his consent to the search. A similar inspection was upheld in *United States v. Hammond Milling Co.*, 413 F.3d 608 (5th Cir. 1969), cert. denied 396 U.S. 1002, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970). The court there additionally held that there was no requirement that the appellant be aware of the right to refuse the inspection order to give valid consent to the inspection. Id. at 611. Although the consent to inspect was tacit or implied, it was no less valid. The inspection was lawful. *United States v. Hammond Milling Co.*, supra; *United States v. Del Campo Baking Mfg. Co.*, 345 F.Supp. 1371 (D.Del. 1972); *United States v. Thriftmart*, 429 F.2d 106 (9th Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 185 (1970). The samples and photographs taken as part of the inspection are thus admissible. *United States v. Acri Wholesale Grocery Co.*, 409 F.Supp. 529 (S.D.Iowa 1976). This ground of error is overruled.

■ Appellant attacks the sufficiency of the evidence to sustain the conviction. Specifically he contends that the evidence is insufficient to prove the elements of "selling an adulterated product" and the required culpable mental state. The elements of the offense as alleged are:

(1) a person

(2) in the course of business

(3) intentionally or knowingly

(4) sells an adulterated product.

V.T.C.A. Penal Code, Section 32.42(a)(1) defines "adulterated" as "varying from the standard of composition or quality prescribed by law or set by established commercial usage" and the Texas Food, Drug and Cosmetic Act, supra, deems food to be adulterated "if it has been produced, prepared, packaged or held under unsanitary conditions whereby it may have been rendered injurious to health."

Inspector Palmer testified he found several violations of sanitary standards at the Jean Pierre bakery including weevil infestation of flour, rodent feces, urine, and hair in and around flour sacks and cooking utensils, dirty and unsanitized cooking utensils, and a dead rat near the oven. He further testified that he observed actual sales of bakery goods take place during his inspection. The record also indicates that Mr. Goodhuys was stipulated as the owner of the bakery. Palmer testified that Goodhuys was present during this and previous inspections, and that Goodhuys indicated to Palmer that he was aware of the rodent problem in the bakery.

Upon these facts there was sufficient proof of each element of the offense, and the evidence supports the trial court's judgment that the appellant is guilty of committing a deceptive trade practice beyond a reasonable doubt. This ground of error is overruled.

The judgment is affirmed.