David Allen STEPHENS, Appellant,

v.

The STATE of Texas, State.

No. 2–85–183–CR.

Court of Appeals of Texas,
Fort Worth.

May 7, 1986.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Betty Stanton, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

David Allen Stephens appeals from his conviction after trial to the court for the offense of aggravated sexual abuse of a child younger than 14 years of age under former TEX.PENAL CODE ANN. sec. 21.-10. Penal Law Reformation Act, ch. 399, sec. 21.10, 1973 Tex.Gen.Laws 883, 918,

*repealed by* Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321. The judge sentenced him to sixteen years in the Texas Department of Corrections.

We reverse and order the indictment dismissed, because we find that the indictment in this case is fundamentally defective.

In his sole ground of error, Stephens contends that the indictment under which he was convicted is fundamentally defective for failure to allege the required elements of the offense. Count two of the indictment, the count upon which Stephens was convicted, states as follows:

> And it is further presented in and to said court, that the said David Allen Stephens, in the County of Tarrant and State aforesaid, on or about the 9th day of April, 1983, did then and there intentionally, with intent to arouse and gratify the sexual desire of said defendant, engage in deviate sexual intercourse with C.S., a child not his spouse and younger than 14 years, by then and there placing his genitals in contact with the genitals of said child....

■ Since Stephens' complaint to the indictment was not presented to the trial court by a motion to quash, he is precluded from raising it for the first time on appeal unless the indictment failed to allege the constituent elements of the offense. *Livingston v. State*, 542 S.W.2d 655, 657 (Tex. Crim.App.1976). Stephens was convicted of the offense of aggravated sexual abuse. Penal Law Reformation Act, ch. 399, sec. 21.05, 1973 Tex.Gen.Laws 883, 917, *repealed by* Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321. An essential element of the offense of aggravated sexual abuse is the commission of deviate sexual intercourse. *Id.* An essential element of deviate sexual intercourse is either contact between any part of the genitals of one person and the mouth or anus of another or the penetration of the genitals or anus of another person with an object. Section 21.01, Texas Penal Code, Act of May 15, 1979, ch. 168, sec. 1, 1979 Tex.Gen.Laws 373, *amended by* Act of April 30, 1981, ch. 96, sec. 3, 1981 Tex.Gen.

Laws 203. The indictment alleged that Stephens committed the offense of aggravated sexual abuse by placing his genitals in contact with the genitals of the child. Such contact is not deviate sexual intercourse. This specific allegation effectively negates any prior general allegation of the essential element of the commission of deviate sexual intercourse. The net result is that the indictment taken as a whole does not allege that Stephens made any oral or anal sexual contact with the child or penetrated her with any object. Since a fair reading of the indictment omits this essential element, it is fundamentally defective.

■ The State urges that we should disregard the allegation of genital to genital contact as surplusage. We may not do so where that which is alleged is descriptive of that which is legally essential to the validity of the indictment. *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983). Since the description relates to how the State alleges Stephens committed deviate sexual intercourse, and since the commission of deviate sexual intercourse is an essential allegation in the indictment, we may not treat the allegation of genital to genital contact as surplusage.

We reverse and order the indictment dismissed.

FENDER, C.J., dissents.

FENDER, Chief Justice, dissenting.

I respectfully disagree with the majority in reversing this cause.

If the instant indictment had not included the phrase "by then and there placing his genitals in contact with the genitals of said child," the charge of aggravated sexual abuse would have been properly set. If appellant had levelled a motion to quash at the indictment, I see no reason why the State could not have then waived the above quoted verbiage and successfully proceeded to trial. Since appellant has waited until the appellate stage to raise this objection, I still see no reason why the State cannot

now waive the same verbiage and sustain the conviction.

I dissent.