David Allen STEPHENS, Appellant,

v.

The STATE of Texas.

No. 2–85–183–CR.

Court of Appeals of Texas,
Fort Worth.

June 18, 1986.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Betty Stanton, Asst., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION ON MOTION FOR REHEARING

HILL, Justice.

On its motion for rehearing, the State urges that our original opinion in this cause, issued May 7, 1986, 708 S.W.2d 592, conflicts with the holdings of the Texas Court of Criminal Appeals in *Anderson v. State*, 615 S.W.2d 745 (Tex.Crim.App.1981); *Green v. State*, 578 S.W.2d 411 (Tex.Crim. App.1979); and *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex. Crim.App.1974). The problem with the indictment in this cause is that it by its terms negates an essential element of aggravated sexual abuse of a child younger than 14 years, the offense sought to be charged and the offense for which Stephens was convicted. The indictment's failure to allege the constituent elements of the offense sought to be challenged may be raised for the first time on appeal. *American Plant Food Corporation*, 508 S.W.2d at 603.

In *Green*, the indictment alleged both that criminal mischief occurred in Palo Pinto County and also that the residence where the offense occurred was located seven miles north of the county. This inconsistent allegation was held to be surplusage in that it was not a legally essential element of the offense nor was it even descriptive of such an element.

In *Anderson*, the indictment alleged the offense of delivery of heroin, and the defendant was convicted of such offense. The only alleged repugnancy in the indictment went to the fact that there was more than one way to commit the offense of delivery of heroin, and the indictment failed to specify which method of delivery the defendant was supposed to have utilized.

None of these cases cited by the State involves an indictment such as the one at bar which, by the nature of its repugnant allegation, effectively negates an essential

element of the offense for which the defendant was convicted.

The State also urges that the indictment was not fundamentally defective in that it did allege the offense of indecency with a child. Stephens was convicted of the offense of aggravated sexual abuse of a child younger than 14 years, not indecency with a child. We hold that an indictment is fundamentally defective when it does not allege the essential elements of the offense for which the defendant is convicted, even should it contain within it the essential elements of some other offense.

The State's motion for rehearing is overruled.