**Tai HUYNH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00630–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1996.

Herbert Gee, Houston, for appellant.

Horace Teague, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

**OPINION**

FOWLER, Justice.

Appellant, Tai Huynh, appeals his conviction for creating a public nuisance. After a trial to the bench, the municipal court found appellant guilty and assessed a $1,000 fine. Appellant appealed the conviction to the county criminal court at law. That court

affirmed the municipal court's verdict. Appellant then appealed to this court, which affirmed the conviction. *Huynh v. City of Houston,* 874 S.W.2d 184 (Tex.App.—Houston [14th Dist.] 1994). Upon petition for discretionary review, the Court of Criminal Appeals affirmed the decision of this court in part and reversed it in part, remanding the case to us for consideration of appellant's two points of error regarding alleged defects in the complaint. *Huynh v. State,* 901 S.W.2d 480 (Tex.Crim.App.1995). In appellant's two points of error, he contends the complaint is fundamentally defective because it (1) does not allege an offense under the city ordinance (point one), and (2) fails to allege the capacity of appellant (point two). We reverse and dismiss the complaint on the basis of appellant's second point of error, finding that appellant's capacity was a necessary element of the offense he was charged with.

## PROCEDURAL & JURISPRUDENTIAL HISTORY

The issue before this court is what kind of defect is contained in this complaint and more importantly, what impact the defect has on the complaint's validity and our ability to review it. But before we discuss this issue, we must briefly review the procedural history of the case, including the reason we originally refused to review appellant's claims. Appellant represented himself both at trial in municipal court and at the trial de novo in county criminal court. At neither proceeding did he claim that the indictment was fatally defective. This court refused to review the argument based on our conclusion that article 1.14(b) of the Texas Code of Criminal Procedure applied to the complaint. The pertinent part of article 1.14(b) states the following:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b).

Although article 1.14(b) does not refer to a *complaint,* this court reasoned in the first *Huynh* opinion that it applied to complaints nonetheless, in part because a complaint is a charging instrument like indictments and informations, and in part because of the Court of Criminal Appeals' opinion in *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). *Huynh,* 874 S.W.2d at 185. *Studer* addressed "[t]he pivotal issue ... of what is meant by the terms 'indictment' and 'information' under the amendment to Art. V, section 12, of the Texas Constitution and newly enacted Art. 1.14(b), V.A.C.C.P." *Studer,* 799 S.W.2d at 266. After having noted what the issue in the case was, the *Studer* court concluded that article 1.14(b) precludes a defendant from claiming error for the first time on appeal or after trial because of a defect in an indictment or information. *Studer,* 799 S.W.2d at 267. This conclusion was noteworthy because, as the court itself noted, by enacting article 1.14(b), the Legislature purposely nullified over a century of Texas jurisprudence in which the courts of this State, led by the Court of Criminal Appeals, held that a fundamentally defective indictment or information was void and could be objected to for the first time on appeal. *Studer,* 799 S.W.2d at 266–267. *Studer* involved an indictment and thus did not say whether article 1.14(b) applied to *complaints.* However, the opinion contained rather broad language leading this court to conclude that the Court of Criminal Appeals was holding that article 1.14 applied to *all* charging instruments, including complaints. We were disabused of this notion when the Court of Criminal Appeals reversed our *Huynh* opinion and specifically held that article 1.14(b) does *not* apply to *complaints; it applies only to indictments and informations.* *Huynh,* 901 S.W.2d at 481.

Having been told that article 1.14(b) does not apply to complaints, we are left to determine what type of defect we have before us and then what impact the defect has upon the validity of this complaint. However, we have found little, if any, case law discussing the impact of defects on the validity of complaints and have been cited to none. Thus, we have referred to the abundant pre-article

1.14(b) case law discussing indictments and informations, and we believe it is not only informative but controlling on this issue before us.[1]

### THE NATURE OF THE DEFECT

Both parties agree that this complaint is defective; they disagree only as to the extent of the defect. Thus, the pivotal question before us is what kind of defect we are confronted with and whether we can review the defect. To answer that question, we must first review the requisites for a complaint, and then we must refer to the complaint itself and the ordinance.

Article 15.01 of the Texas Code of Criminal Procedure states that a complaint must contain the following to be sufficient:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused *has committed some offense* against the laws of the State....

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

Tex.Code Crim.Proc.Ann. art. 15.05 (Vernon 1981).

The offense appellant was accused of committing was the offense of creating a public nuisance. The relevant portions of the city ordinance defining this offense describe it thusly:

(a) Whatever is dangerous to human health or welfare, or whatever renders the ground, the water, the air, or food a hazard to human health is hereby declared to be a nuisance.

(b) The following specific acts, conditions, and things are declared to constitute public nuisances and are hereby prohibited and made unlawful:

(1) The deposit or accumulation of any foul, decaying, or putrescent substance or other offensive matter in or upon any lot, street, or in or upon any public or private place in such a way as to become offensive or objectionable;

\* \* \* \* \* \*

(c) *It shall be unlawful for any owner, lessee, occupant, or any agent, representative, or employee of any owner, lessee or occupant or any other persons having ownership, occupancy, or control of any land, or improvements thereon, to permit, allow or suffer any condition to exist on such property if such condition is prohibited or made unlawful under the provisions of this section.*

\* \* \* \* \* \*

City of Houston Ordinance No. 91–1102, section 10–381.

The complaint in this case reads as follows: IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

I, THE UNDERSIGNED AFFIANT, DO SOLEMNLY SWEAR THAT I HAVE GOOD REASON TO BELIEVE, AND I DO BELIEVE THAT HUYNH, TAI, HEREINAFTER CALLED DEFENDANT, HERETOFORE, ON OR ABOUT THE 23RD DAY OF DECEMBER A.D., 1991, AND BEFORE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE INCORPORATED LIMITS OF THE CITY OF HOUSTON, COUNTY OF HARRIS AND STATE OF TEXAS, DID THEN AND THERE UNLAWFULLY AND KNOWINGLY CREATE A PUBLIC NUISANCE BY PERMITTING THE DEPOSIT OF OIL AND GREASE IN THE 9264 BLOCK OF BELLAIRE, WHICH COULD LIKELY BECOME HAZARDOUS TO HEALTH TO PERSONS LIVING AND PASSING IN THE VICINITY OF THE SAID LOCATION.

The complaint was signed by affiant, Ruth J. Robinson, and by a Notary Public, Larry A. Miller, Chief Clerk of the City of Houston, Municipal Courts.

Noticeably absent from the complaint is an allegation telling us whether appellant is "an

---

**1.** We are mindful of the fact that the case law we are relying on was statutorily overruled by article 1.14(b) as it relates to indictments and informations, but, as the *Huynh* court noted, the legislature apparently chose not to make the article applicable to complaints. *Huynh,* 901 S.W.2d at 481.

owner, lessee, occupant, or any agent, representative, or employee of any owner, lessee or occupant or any other person having ownership occupance, or control of any land, or improvements thereon...." In fact, the complaint does not give us *any* information as to who appellant is other than to give us his name.

Appellant claims this is a defect of substance because one must be in control of land, that is, an owner or other person who has the right to control what happens on the land, before one can be prosecuted for creating a public nuisance under this ordinance. Consequently, appellant claims the complaint has left out a necessary element of the offense.

The State, on the other hand, claims (1) the omission of appellant's capacity is merely an informal defect, and (2) the complaint meets the four requisites for a complaint. In support of this argument the State refers us to article 45.27 of the Texas Code of Criminal Procedure, which states the following:

A defendant shall not be discharged by reason of any informality in the complaint or warrant. The proceeding before the justice shall be conducted without reference to technical rules except as provided in Article 4.15.

Neither party cites any case law in support of their argument and we have found no cases specifically on point, as we mentioned earlier. However, we agree with appellant that this complaint leaves out a necessary element of the offense. Although there are no cases discussing the effect of such a defect in a *complaint,* we find much guidance from the prearticle 1.14(b) cases which discuss this type of defect in indictments and informations. These cases, which are abundant, having been written over the span of one hundred years, uniformly hold that a charging instrument that leaves out an element of the offense contains a defect of substance, rendering the charging instrument fundamentally defective and void. *Fisher v. State,* 887 S.W.2d 49, 54 (Tex.Crim.App.1994); *see also Gengnagel v. State,* 748 S.W.2d 227, 229 (Tex.

Crim.App.1988). These cases further hold that a *conviction* based on a charging instrument containing a fatal defect is void because the court entering the conviction obtains jurisdiction over the cause through a charging instrument that is free of defects of substance.[2] *Fisher,* 887 S.W.2d at 54; *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Crim.App.1974). Under this line of cases, then, a fatally defective charging instrument failed to confer jurisdiction on the court. *Fisher,* 887 S.W.2d at 54; *American Plant Food Corp.,* 508 S.W.2d at 603. As Judge Clinton noted in his concurrence in *Studer,* these cases based their conclusions on Article I, section 10 of the Bill of Rights of the Constitution of the State of Texas, which guarantees that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury...." *Studer,* 799 S.W.2d at 289, 290 (Clinton, J., concurring); *Brasfield v. State,* 600 S.W.2d 288, 299 (Tex. Crim.App.1980) (op. on reh'g); *Williams v. State,* 12 Tex.Ct.App. 395, 398–400 (1882).[3] An indictment, both before and after the enactment of article 1.14(b), was the "written statement of a grand jury accusing a person of an act or omission constituting an offense." *Brasfield,* 600 S.W.2d at 299. If the indictment failed to include all the *elements* of an offense, then it failed to charge the defendant with the commission of a crime or give him the type of notice he was entitled to. *Williams,* 12 Tex.Ct. at 398–400.

### THE PRE–ARTICLE 1.14(b) CASES CONTROL

In short, before article 1.14(b), case law held that a defect of substance caused a charging instrument, specifically an indictment or information, to be void and failed to confer jurisdiction on the court. Although here we are concerned with a *complaint,* we conclude that this case law controls our consideration of this complaint because it was being used as a charging instrument. As such its requisites were very similar to an indictment or information and its purpose *was* the same, i.e., to charge the defendant with an offense and confer jurisdiction on the

---

2. In *Studer,* the majority has said that *presentment* of the indictment is now enough to confer jurisdiction on the court. *Studer,* 799 S.W.2d at 267–273.

3. The text of this opinion may be found at 799 S.W.2d at 294.

court. TEX.CODE CRIM.PROC.ANN. art. 21.01;[4] TEX.CODE CRIM.PROC.ANN. art. 15.01; *Bass v. State*, 427 S.W.2d 624, 626 (Tex.Crim.App. 1968) (purpose of complaint in corporation court is to commence proceedings and thereby confer jurisdiction on court). We thus see no reason why *Brasfield, American Plant Food,* and *Williams* should not be dispositive of the case before us involving an allegedly defective complaint.

## CONCLUSION

In conclusion, the pre-article 1.14(b) line of cases are dispositive of this case and require us to (1) hold that the complaint involved in this appeal contains a defect of substance, and (2) dismiss the complaint. Consequently, we sustain appellant's second point of error and hold that the complaint is void because it failed to state that appellant was one of the types of persons subject to prosecution for committing the offense of creating a public nuisance. The judgment of the trial court is reversed and the complaint is dismissed.

---

4. In *Brasfield*, the court noted "the interpretive commentary to [article 21.01 of the Code of Criminal Procedure] in Vernon's observes, 'This provision is substantially an affirmance of the rule of the common law. The requisite of indictment by a grand jury was designed to protect an individual against unjust prosecution without sufficient cause, said indictment informing the accused of the nature of the charges against him so that he may adequately prepare his defense.'" *Brasfield,* 600 S.W.2d at 299. The current Vernon's contains no commentary on the article. TEX.CODE CRIM.PROC.ANN. art. 21.01 (Vernon 1989).